# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IVANILDE PISTORELLO and
AUGUSTO GRANDO,

        Petitioners,

v.                                          Case No:   6:21-cv-611-WWB-LHP

SUPRICEL PARTICIPACOES LTDA
and LUIS GUILHERME SCHNOR,

        Respondents.

---

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** CORRECTED RESPONSE TO FOURTH ORDER TO NOTIFY THE COURT ON STATUS OF SERVICE OF PROCESS AND MOTION FOR DEFAULT AGAINST DEFENDANT SCHNOR (Doc. No. 22)
>
> **FILED:** September 21, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

> **MOTION:** RESPONDENT, LUIS GUILHERME SCHNOR, RENEWED MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION TO CONFIRM INTERNATIONAL ARBITRATION AWARD AND ACTION AGAINST LUIS GUILHERME SCHNOR, INDIVIDUALLY (Doc. No. 28)
>
> **FILED:** October 4, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On April 6, 2021, Petitioners Ivanilde Pistorello and Augusto Grando filed a Petition to Confirm International Arbitration Award entered against Respondent Supricel Participacoes LTDA, issued by the Center of Arbitration and Mediation of the Chamber of Commerce Brazil-Canada. Doc. No. 1 ("Petition"). Petitioners also seek to have judgment entered against Respondent Luis Guilherme Schnor individually, pursuant to Brazilian Civil Code. *Id.*

After filing the Petition, Petitioners filed a Request for Execution of Applications for Service Abroad of Judicial or Extrajudicial Documents. Doc. No. 11. *See also* Doc. Nos. 9–10. In that Request, Petitioners stated that Respondents are residents of Brazil, Petitioners sought to effectuate service through Article 5 of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, and the Hague Convention requires the Court to execute Applications for Service Abroad. *Id.* Based upon Petitioners' representation that Court approval of the

Request for Service was required under the Hague Convention, the Court issued Requests for Service on June 2, 2021.   Doc. No. 12.

Upon Court Order, Petitioners have provided status reports regarding the status of service.   *See* Doc. Nos. 13–17, 21–22.   *See also* Doc. Nos. 18–20. Petitioners' latest status report, filed on September 21, 2022, provides, in pertinent part, the following update regarding service and seeks default against Respondent Schnor as follows:

> Defendant Guilherme Schnor ("Schnor") was served through the Superior Court on August 24, 2021.  Schnor asserted defenses to the service. On October 1, 2021, the Superior Court rejected the defenses and Mr. Schnor appealed which took months to adjudicate.  After Schnor's appeals were exhausted, the Brazil Ministry of Justice executed the Certificate of Service attached as Exhibit "A," on August 17, 2022, validating service on Schnor.  However, the Certificate of service was not received by Ancillary until September 2, 2017.  The Certificate is in Portuguese, English and French.  Twenty-One days has elapsed since all appeals were finalized in Brazil and the Certificate of Service was issued by the Ministry of Justice.  No response to the Complaint has been filed by Schnor.  Therefore, the Petitioners are entitled to a default against Defendant Schnor.

Doc. No. 22, at 2.   The request for default has been referred to the undersigned.

The day after Petitioners' request for default, counsel appeared on behalf of Respondents.   Doc. No. 23.   Respondent Schnor responds in opposition to the request for default against him.   Doc. No. 24.   On October 4, 2022, he also filed a

motion for an extension of time to respond to the Petition.  Doc. No. 28.[1]  Petitioners oppose the request.   Doc. No. 29.   The motion has also been referred to the undersigned for disposition.[2]

Upon consideration, to the extent that Petitioners seek default against Respondent Schnor, that request will be denied without prejudice because the motion, *see* Doc. No. 22, fails to comply with Local Rule 3.01(a) by failing to include a memorandum of legal authority in support.  Moreover, the Court finds Respondent Schnor's request for an extension of time to respond to the Petition well taken and supported by good cause.  Fed. R. Civ. P. 6(b).  *See* Doc. No. 28, at 2. Notably, the Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  *See also Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining

---

[1] Respondent Schnor filed an initial motion for extension of time on September 28, 2022, but that request was denied without prejudice for failure to comply with Local Rule 3.01(g)(3).   Doc. Nos. 26–27.

[2] Petitioner's request for default and Respondent's request for an extension of time pertain to Respondent Schnor alone.  Doc. Nos. 22, 28.  From Petitioners' filings, it appears that have not yet received confirmation of service on Respondent Supricel Participacoes LTDA.  *See* Doc. No. 22, at 2–3.  Thus, this Order addresses only those requests related to Respondent Schnor.

cases on their merits." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984))).   "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  *Kilbride v. Vrondran*, No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted).

Accordingly, Petitioner Schnor's request for an extension of time to respond to the Petition (Doc. No. 28) will be **GRANTED**, and Respondent Schnor's request for default (Doc. No. 22) will be **DENIED without prejudice**.   Respondent Schnor shall respond to the Petition (Doc. No. 1) on or before **November 2, 2022**.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties