**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IVANILDE PISTORELLO and
AUGUSTO GRANDO,

        Petitioners,

v.                                                 Case No:   6:21-cv-611-WWB-LHP

SUPRICEL PARTICIPACOES LTDA
and LUIS GUILHERME SCHNOR,

        Respondents

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR CLERK'S DEFAULT (Doc. No. 31)**
>
> **FILED:**     **October 28, 2022**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

On April 6, 2021, Petitioners Ivanilde Pistorello and Augusto Grando filed a Petition to Confirm International Arbitration Award entered against Respondent Supricel Participacoes LTDA, issued by the Center of Arbitration and Mediation of

the Chamber of Commerce Brazil-Canada.  Doc. No. 1 ("Petition").  Petitioners also seek to have judgment entered against Respondent Luis Guilherme Schnor individually, pursuant to Brazilian Civil Code.  *Id.*

After filing the Petition, Petitioners filed a Request for Execution of Applications for Service Abroad of Judicial or Extrajudicial Documents.  Doc. No. 11.  *See also* Doc. Nos. 9–10.  In that Request, Petitioners stated that Respondents are residents of Brazil, Petitioners sought to effectuate service through Article 5 of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, and the Hague Convention requires the Court to execute Applications for Service Abroad.  *Id*.  Based upon Petitioners' representation that Court approval of the Request for Service was required under the Hague Convention, the Court issued Requests for Service on June 2, 2021.  Doc. No. 12.

Upon Court Order, Petitioners have provided status reports regarding the status of service.  *See* Doc. Nos. 13–17, 21–22.  *See also* Doc. Nos. 18–20.  And on September 22, 2022, counsel appeared in this matter on Respondents' behalf.  Doc. No. 23.  The present motion concerns Petitioners' request for Clerk's default against Respondent Supricel Participacoes LTDA.  Doc. No. 31.[1]  Respondent Supricel Participacoes LTDA opposes.  Doc. No. 33.

---

[1] The Court denied without prejudice Petitioners' request for default against

Upon consideration, Petitioners' motion (Doc. No. 31) is due to be denied without prejudice for failure to comply with Local Rule 3.01(g) because counsel has appeared on Respondent Supricel Participacoes LTDA's behalf.  *See* Doc. No. 23. Moreover, on the merits, it is unclear from Petitioners' representations the date that service on Respondent Supricel Participacoes LTDA actually occurred.  *See* Doc. No. 31, at 2, 3 (alternatively stating that Respondent Supricel Participacoes LTDA was served on August 12, 2022 pursuant to a certificate of service, a certificate of service was executed on September 19, 2022, and that the certificate was delivered to counsel in Brazil on either October 5, 2022 or October 5, 2017).

Notably, the Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  *See also Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984))).   "[W]hen doubt exists as to whether a default

---

Respondent Schnor on October 19, 2022, and extended Respondent Schnor's deadline to respond to the Petition through November 2, 2022.  Doc. Nos. 22, 28, 30.  As discussed herein, on November 1, 2022, Respondents filed a collective motion to dismiss the Petition. Doc. No. 32.

should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Kilbride v. Vrondran*, No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted).

Accordingly, based on the above, considering the representations by Respondents' counsel, Doc. No. 33, and given that Respondents have now filed a motion to dismiss the Petition, Doc. No. 32, the request for Clerk's default (Doc. No. 31) will be **DENIED WITHOUT PREJUDICE** at this time.  Respondents' Motion to Dismiss (Doc. No. 32) will be considered in due course, after receipt of Petitioners' response.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2022.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties